# IN THE COURT OF APPEALS OF IOWA

No. 17-0506
Filed June 21, 2017

**IN THE INTEREST OF C.W. and L.W.,**
**Minor Children,**

**E.W., Mother,**
     Appellant,

_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

A mother appeals a child-in-need-of-assistance permanency review order. **AFFIRMED.**

Annie K. von Gillern of von Gillern Law Firm, P.L.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Colin R. McCormack of Van Cleaf and McCormack, Des Moines, for appellee father.

Nicole Garbis Nolan of Youth Law Center, Des Moines, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals a child-in-need-of-assistance permanency review order concluding her two children should remain with their father pending district court resolution of a divorce and custody action.[1]  She contends (1) the order failed to meet statutory requirements, (2) the record lacks clear and convincing evidence to support a finding that the children needed to remain outside her home, and (3) the juvenile court's decision to grant the district court concurrent jurisdiction to litigate custody was not in the children's best interests.  We will address all three issues together.

The children's mother and father were married but separated throughout the proceedings.  Their children were born in 2009 and 2011.  In 2015, the department of human services was contacted after the mother failed to pick the children up from a care provider.  Upon investigation, the department learned that the mother used illegal drugs, physically abused the children, and allowed them to fend for themselves.  The father agreed to keep the children in his home, and the department concurred.

The children were adjudicated in need of assistance.  They remained in the father's home throughout the proceedings.  The juvenile court subsequently granted the district court concurrent jurisdiction to litigate divorce and custody matters.  At the time of the permanency review order that is the subject of this appeal, these issues had yet to be resolved.

Meanwhile, the State charged the mother with three counts of child endangerment.  The district court issued a criminal no contact order, which was

---

[1] The mother's third child with a different father is not a subject of this appeal.

later modified to permit supervised visits with the children. The mother pled guilty to the child endangerment counts. She admitted to "using heroin" and "spank[ing]" her daughters with a belt. She was sentenced to a suspended prison term, and the no contact order was eventually cancelled.

The mother continued her interactions with the children and made significant progress in addressing her drug abuse. She moved to have the children returned to her care. At the permanency review hearing, a department supervisor testified there were no longer any safety concerns. Following the hearing, the juvenile court reaffirmed its "grant [of] concurrent jurisdiction" for the custody issue "to be addressed in district court" and filed an order memorializing this conclusion.

The mother contends the statutory requirements for issuance of the permanency review order were not satisfied. She cites Iowa Code section 232.104(2) (2015), which prescribes certain dispositions following a permanency hearing. She also argues, assuming there was evidence to support an "out-of-home placement" with the father, the record lacked clear and convincing evidence to continue that placement. The problem with these arguments is that they presume the children had a single home. In fact, there was no out-of-home placement because, as the juvenile court stated, the father "already had custodial rights to the children." He was on an equal footing with the mother in providing a home for the children. Because the children were "home" with their father and the challenged order simply required that they remain there, the order complied with Iowa Code section 232.104(2)(a).

The juvenile court recognized that this two-home scenario was the status quo until the divorce action was finalized. The divorce action could not be finalized unless and until the juvenile court granted the district court concurrent jurisdiction to litigate the issue. *See* Iowa Code § 232.3(2).

This court addressed a virtually identical situation in *In re A.T.*, in which we noted that the scenario in which a child is placed with a parent who has full custodial rights differs from a situation where the court "transfer[s] custody of a child from a custodial parent to a noncustodial parent." 799 N.W.2d 148, 153 (Iowa Ct. App. 2011). In the first scenario, "the child ha[s] two homes." *A.T.*, 799 N.W.2d at 153. Under these circumstances, we stated, "Concurrent jurisdiction permits the parents to determine their rights *inter se*, or among themselves." *Id.*

In this case, custody rights had yet to be determined. Given the evidence adduced at the permanency review hearing, it made sense to resolve custody before finally resolving the juvenile court matter. First, the record disclosed two essentially fit parents. As noted, the department expressed no safety concerns with the mother and the allegations of emotional abuse of the children by the father were investigated by the department and were not confirmed. Second, the department supervisor testified that if the juvenile court ordered the children returned to their mother before a district court resolved the custody issue, there was a potential for disruption of the children's lives in the event the district court granted the father physical care. For these reasons, we conclude the juvenile court's grant of concurrent jurisdiction to the district court to resolve the custody issue was the appropriate course of action and served the children's best

interests.   We affirm the permanency review order entered by the juvenile court.

**AFFIRMED.**